IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ARCH INSURANCE COMPANY                                                PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 2:11cv179KS-MTP

EDWARD JACK TANNER, TERESA DIANE TANNER,
CONSERVATOR OF THE PERSON AND ESTATE OF
EDWARD JACK TANNER, TERESA DIANE TANNER,
INDIVIDUALLY, EAGLE OIL & GAS CO., TONY REASONER,
B & B OIL WELL SERVICE COMPANY AND V.A. SAULS, INC.    DEFENDANTS

AND

EAGLE OIL & GAS CO. AND TONY
REASONER                             COUNTER/CROSS/THIRD-PARTY PLAINTIFFS

VERSUS

ARCH INSURANCE COMPANY                               COUNTER-DEFENDANT
B & B OIL WELL SERVICE COMPANY                         CROSS-DEFENDANT
V.A. SAULS, INC.                                       CROSS-DEFENDANT
TRAVELERS INDEMNITY COMPANY                      THIRD-PARTY DEFENDANT
NATIONAL UNION FIRE INSURANCE                    THIRD-PARTY DEFENDANT
COMPANY OF PITTSBURGH, PA, AND
AMERICAN INTERSTATE INSURANCE COMPANY        THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss Eagle Oil & Gas Co.'s and Tony Reasoner's Amended Cross-Claim [#36], filed on behalf of V.A. Sauls, Inc. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file, and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted. The court specifically finds as follows:

**BACKGROUND**

Arch Insurance Company ("Arch") filed its Amended Complaint for Declaratory Judgment on October 6, 2011. In its Amended Complaint, Arch seeks a declaration that (a) "Arch does not have any defense or indemnity obligations under the Arch Policy to Tony Reasoner;" (b) "Arch does not have any indemnity obligations under the Arch Policy to Edward Jack Tanner or the Estate of Edward Jack Tanner, or Teresa Diane Tanner;" and (c) "Arch does not have any indemnity obligations under the Arch Policy on behalf of Tony Reasoner, V.A. Sauls or Eagle" with respect to claims made in a lawsuit filed in the Circuit Court of Jasper County by the Tanners in February 2011. Arch's suit "aris[es] out of its issuance to B & B, an insurance policy bearing policy number HOPKG0023800, with a policy period of December 1, 2009 to December 1, 2010."

On November 14, 2011, Eagle Oil & Gas Co. ("Eagle") and Tony Reasoner ("Reasoner") (collectively "Eagle") filed an Amended Cross-claim against V. A. Sauls, Inc. ("Sauls"). In the cross-claim, Eagle seeks a declaration that (a) "there is no Master Service Contract between Eagle and Sauls," and, accordingly, (b) "Eagle does not have any duty to defend and indemnify Sauls in Tanners' underlying personal injury action." Eagle's cross-claim thus arises out of a Master Service Contract between Eagle and Sauls, or the denial that such an agreement exists.

Eagle argues that if this court was to determine that Eagle and Sauls agreed to terms found in the Master Service Contract, then, it (Eagle) reserves "all other potential defenses, including, but without being limited to, those potential defenses which exist under the Statute of Frauds, the Texas Civil Practice and Remedies Code, the Texas

Oilfield Anti-Indemnification Act, and Mississippi's Anti-Indemnification Statute." However, previously to Eagle's cross-claim being asserted herein, on July 28, 2011, Sauls filed a cross-claim against Eagle in the Circuit Court of Jasper County, Mississippi on the exact same issues presented in Eagle's cross-claim filed herein.

In arguing for the dismissal of that cross-claim, Sauls takes two positions. It first contends that the cross-claim fails to satisfy the prerequisites of Fed.R.Civ.P. 13(g), since it does not, according to Sauls, arise "out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . .." Sauls also maintains that Eagle's cross-claim against it creates an appropriate basis for abstention, and that the court should thus exercise its discretion to abstain from considering Eagle's cross-claim against Sauls. Finding that the cross-claim fails to satisfy the requirements of Rule 13(g), the court will not address the abstention issue.

## **LAW AND ANALYSIS**

Sauls has filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(1), Federal Rule of Civil Procedure 13(g) and 28 U.S.C. § 2201(a). A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. Rule 13(g) requires that a cross-claim arise "out of the transaction or occurrence that is the subject matter of the original action."

It is generally held that cross-claims fall within the ancillary jurisdiction of a court, thus, independent jurisdictional grounds need not be asserted. *See Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *Childress v. Cook*, 245 F.2d 798 (5th Cir. 1957). Ancillary (now supplemental) jurisdiction is a limited exception to the general rule that the jurisdiction of federal courts derives only from the Constitution (or from the statutes). *Werneth v. Cook*, 487 F.Supp. 144, 146 (D. C. Miss. 1979). While Federal courts have used various tests to determine whether a cross-claim meets the jurisdictional test, "it is clear that the cross-claim must be so closely related to the original claim that justice requires it to be heard in the same action." *Werneth* at 146. The Fifth Circuit has stated:

> a claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as an original claim in two senses: (1) that the same aggregate of operative facts serves as a basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests actuates additional legal rights in a party defendant that would otherwise remain dormant.

*Amco Const. Co. v. Mississippi State Bldg. Commission*, 602 F.2d 730, 733 (5th Cir. 1979) (citing *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir. 1970)).

Eagle argues that the test or standard set forth above and cited and relied upon by Sauls is correct, but that Sauls misapplies it. It is beyond purview that under that standard, a cross-claim satisfies the applicable test and creates a basis for ancillary jurisdiction if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendants." *Plant v. Blazer Financial Services, Inc.*, 598

F.2d 1357, 1361 (5th Cir. 1979).

Thus, Eagle argues that in this case, a logical relationship plainly exists between Eagle's cross-claim against Sauls and the original action, as well as between that cross-claim and Eagle's counter-claim against Arch, because all of the claims in this proceeding relate to, and ultimately arise from, the occurrence of Mr. Tanner's alleged injuries, damages, and losses.

However, Sauls correctly argues that Arch's claim arises from an insurance policy it issued to B&B while Eagle's cross-claim arises from a Master Service Contract (or lack thereof as alleged by Eagle) between Eagle and Sauls. Thus, Sauls contends that these two claims arise from completely separate contracts between completely separate parties. The court agrees with Sauls' analysis of the case based on the analysis of the varied claims as follows.

Through this action, Arch seeks a declaration regarding its defense or indemnity obligations under the Arch Policy. Eagle seeks a declaration that "there is no Master Service Contract between Eagle and Sauls," and, "Eagle does not have any duty to defend and indemnify Sauls in the Tanners' underlying personal injury action." It is clear that these two claims involve completely unrelated analysis: Arch's claim requiring a legal analysis of duties under an insurance contract, and Eagle's cross-claim first requiring a factual analysis as to whether a contract exists, then, a legal analysis of duties under a Master Service Contract, both issues being litigated in the previously filed state court litigation.

The remedy sought by Arch has nothing to do with whether a Master Service Contract was entered into by Eagle and Sauls. Arch makes no reference to a Master

Service Contract between Eagle and Sauls in its Amended Complaint. Whether a Master Service Contract exists between Eagle and Sauls bears no consequence to Arch's requested relief. Eagle's cross-claim simply has no connection to Arch's claims.

Eagle's cross-claim does not arise from the same transaction; does not comprise an integral part of the main claim; and could not be determined without a substantially distinct effort at fact-finding. *See Amco,* 602 F.2d at 733. As was true of the dismissed cross-claim in *Amco*, it is not "necessary to decide the proposed cross claim to protect the integrity of the original claim or to insure that the disposition of the original claim would not have been frustrated." *Id.* Eagle's cross-claim "stands apart; it is a cause of action wholly independent and separate." *Id.*

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss Eagle Oil & Gas Co.'s and Tony Reasoner's Amended Cross-Claim [#36] filed on behalf of V.A. Sauls, Inc. is granted and that cross-claim is dismissed from this action.

SO ORDERED AND ADJUDGED this the 2nd day of July, 2012.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE